# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**LATIESHA BRAXTON**,
    Plaintiff,

v.                                                                                      2:24-cv-234-JES-NPM

**NEWREZ LLC**,
    Defendant.

## REPORT AND RECOMMENDATION

We previously found pro se plaintiff Latiesha Braxton financially eligible to proceed in forma pauperis but directed her to either dismiss this action or file an amended complaint because her initial complaint—for a host of reasons—did not satisfy § 1915 review. While Braxton amended her complaint, it still fails to pass muster. This action should be dismissed under 28 U.S.C. § 1915(e)(2)(B) because the complaint fails to state a claim and is otherwise frivolous.

In our prior order, we discussed the pleading standards and why Braxton's initial complaint fell short. To recap, the complaint offered allegations about a foreclosure that we struggled to decipher. It was a shotgun pleading with baseless jurisdictional allegations and factually unsupported, conclusory claims. Finally, we noted that Braxton's claims challenged the judicial foreclosure sale of her property, which would run afoul of the *Rooker-Feldman* doctrine barring federal courts from

modifying or overturning a state-court judgment. *See generally* Doc. 12. Braxton's effort to cure or plead around these deficiencies falls short.

The amended complaint fails to allege subject-matter jurisdiction. While Braxton alludes to federal-question jurisdiction under 28 USC § 1331, she does not assert any federal claims. And as for diversity jurisdiction under § 1332, she fails to plausibly allege either complete diversity or the requisite amount in controversy. Furthermore, because the amended complaint "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," her second effort still runs afoul of the prohibition against shotgun pleadings. *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

And despite her assertions otherwise, her action appears to be foreclosed by the *Rooker-Feldman* doctrine. As noted previously, this doctrine prevents federal courts from modifying or overturning a state-court judgment. *See Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining the doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); Doc. 12 at 6-7. At bottom, Braxton wants the judicial foreclosure sale deemed unlawful, and she wants its proceeds disgorged to her. Under *Rooker-Feldman*, this may not be done. *See Maloney v. Wells Fargo*

*Bank N.A.*, No. 19-cv-209FTM38MRM, 2019 WL 1506903, *2 (M.D. Fla. Apr. 5, 2019) (reasoning that the doctrine "extends to claims 'inextricably intertwined' with a state court judgment").

This action should be dismissed, and the clerk of court should be directed to deny all pending motions as moot, terminate all deadlines and scheduled events, and close the case.

**RECOMMENDED** on September 23, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1.