UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LATIESHA BRAXTON,

    Plaintiff,

v.                               Case No: 2:24-cv-234-JES-NPM

NEWREZ LLC d/b/a Shellpoint
Mortgage Servicing,

    Defendant.

_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #16), filed on September 23, 2025, recommending that the case be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and because it is otherwise frivolous. Plaintiff filed an Objection (Doc. #18) on October 7, 2025.

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in

whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1).

The Magistrate Judge found that plaintiff was financially eligible to proceed *in forma pauperis* but required an amended complaint to satisfy review under 28 U.S.C. § 1915. (Doc. #12.) On April 7, 2025, plaintiff filed a First Amended Complaint (Doc. #15). Upon review of the amended pleading, the Magistrate Judge noted that it failed to allege subject matter jurisdiction based on a federal question or under diversity of citizenship. (Doc. #16, p. 2.) The Magistrate Judge further noted that the pleading "appears to be foreclosed by the *Rooker-Feldman* doctrine." (Id. at 2-3.) Plaintiff objects to both conclusions.

In the First Amended Complaint, plaintiff asserts jurisdiction under the Truth and Lending Act (TILA) and the Federal Declaratory Judgment Act. (Doc. #15 at p. 2.) Count I seeks declaratory relief under 28 U.S.C. § 2201, Count II seeks to quiet title, Count III asserts a breach of contract, Counts IV and V are both under Florida law, and Counts VI and VII are common law state claims. None of the counts are presented under TILA and "[t]he federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1976), does not expand federal jurisdiction; the Act merely creates a new remedy in cases or controversies for which an independent basis of federal jurisdiction exists." First Fed. Sav. & Loan Ass'n of Lake Worth v. Brown, 707 F.2d 1217, 1220 (11th Cir. 1983). "The

operation of the Declaratory Judgment Act is procedural only. [] If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act 'allows parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action.'" Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003) (internal citations omitted).  Therefore, plaintiff has not presented a federal claim supporting federal jurisdiction.

While plaintiff argues that diversity jurisdiction is present, the First Amended Complaint does not provide sufficient information to make that determination.  Plaintiff alleges that she is a "natural person and homeowner residing" in Florida.  (Doc. #15, p. 2.)  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  Further, defendant is a limited liability company, and the only information provided is that it is a Delaware company doing business in Florida.  (Doc. #15, p. 2.)  A limited liability company is a

citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). The members, and their citizenship information are not provided. Therefore, diversity jurisdiction is not apparent from the face of the First Amended Complaint. Additionally, there are no facts stated that would support an amount in controversy that exceeds $75,000, exclusive of interest and costs, as required under 28 U.S.C. § 1332.

Plaintiff also objects that dismissal at the pleading stage is premature, that her claims are not barred, and that she complied with instructions to amend the complaint. The Court agrees with the Magistrate Judge that plaintiff has failed to demonstrate that the Court has subject matter jurisdiction because no allegations in the First Amended Complaint (Doc. #15) support a federal question or the presence of diversity of citizenship. The Court declines to consider whether jurisdiction is also lacking due to Rooker[1]-Feldman[2], or if the First Amended Complaint would state a claim if the Court had subject matter jurisdiction.

After conducting an independent examination of the file, the Court accepts the portion of the Report and Recommendation regarding lack of subject matter jurisdiction, without passing on

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

[2] D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

the Rooker-Feldman issue. The Court will dismiss the First Amended Complaint for lack of subject matter jurisdiction but will allow plaintiff to file a new amended complaint if she believes she can demonstrate federal jurisdiction.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #16) is hereby **adopted** to the extent discussed herein and is otherwise moot.

2. The First Amended Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff may file a second amended complaint if she can allege subject matter jurisdiction within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order. If no second amended complaint is filed, the Clerk shall terminate all pending motions and deadlines and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell
United States Magistrate Judge

Counsel of Record
Unrepresented parties

- 5 -