UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LATIESHA BRAXTON,
    Plaintiff,

v.                                   2:24-cv-234-JES-NPM

NEWREZ LLC,
    Defendant.

---

**ORDER**

Generally, we are both required and authorized by law to collect a $405 filing fee before a civil action may proceed. *See* 28 U.S.C. § 1914; *District Court Miscellaneous Fee Schedule* prescribed by the JUDICIAL CONFERENCE OF THE UNITED STATES (effective Dec. 1, 2023). We may—in our discretion—waive this fee when an indigent plaintiff, other than a prisoner, adequately states a nonfrivolous claim for relief. *See* 28 U.S.C. § 1915(a) and (e)(2)(B). Non-prisoner plaintiff Latiesha Braxton requests such a waiver.[1]

Braxton's request lacks merit, however, because she doesn't adequately state a nonfrivolous claim for relief. She is proceeding without counsel, so we give her complaint a liberal construction. But she is not entitled to any exemption from the basic rules of pleading. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we

---

[1] We previously found that Braxton financially qualifies. (Doc. 12). If we later discover that her allegation of poverty is untrue, we will be required—even if she pays the filing fee—to dismiss her case. See 28 U.S.C. § 1915(e)(2)(A).

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules."). So, her complaint must still comply with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure, which, among other things, ensure that each defendant, and the court, are provided with fair notice of the specific claims—and grounds therefor—on which any remedy may rest.

As such, her complaint may not run afoul of the prohibition against shotgun pleading.[2] It must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter" to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While an exhaustive exposition of alleged facts is not required, there

---

[2]     The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type … is a complaint … replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

must be "enough heft" to show that if the alleged facts are true, the pleader is entitled to relief. *Twombly*, 550 U.S. at 557.

Falling short of this standard, Braxton does not cogently present sufficient facts and theories of recovery to move the liability needle from possible to plausible. Recall that this matter relates to a state-court foreclosure proceeding involving the same parties. *See generally Newrez LLC v. Braxton*, No. 22-CA-1090 (Fla. 20th Jud. Cir.). Newrez commenced that action in March 2022 and obtained a final judgment in its favor in February 2023. To delay a foreclosure sale, Braxton filed for bankruptcy. But for failing to present an appropriate Chapter 13 plan, the bankruptcy court dismissed her case. *See In re: Latiesha Braxton*, No. 2:23-bk-472-FMD (Bankr. M.D. Fla. Sept. 29, 2023).

The state-court matter resumed, and the property was sold at a foreclosure sale the same day Braxton initiated this federal action, March 13, 2024.[3] Notably, just prior to the foreclosure sale, Braxton essentially made the same suggestion that she makes here: that the foreclosure action was not being pursued by the rightful holder of the note. But the state-court judge rejected her claims. *See Newrez LLC v. Braxton*, No. 22-CA-1090 (Fla. 20th Jud. Cir. Mar. 11, 2024). Braxton now tries to recast those arguments as federal claims. But her allegations are so disjointed and

---

[3] As reflected by the state-court docket, the purchaser of the home had to obtain a writ of possession and have the Lee County Sheriff remove Braxton from the property.

conclusory that it would not be just to require any of the defendants to incur the burden and expense of attempting to craft a response.

As neutral arbiters, we have no license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading to sustain an action. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for [her]."). And by the same token, we will not act as adverse counsel and catalogue every flaw in a complaint. *See Barmapov v. Amuial*, 986 F.3d 1321, 1327-28 (11th Cir. 2021) ("district courts have neither the manpower nor the time to sift through a morass of irrelevant facts"). Suffice it to say that Braxton's most recent complaint—her third draft—does not comply with Rules 8(a), 10(b), and 11(a); does not comport with the *Iqbal-Twombly* pleading standard; and it is an impermissible shotgun pleading. Thus, it fails to state a claim and is frivolous.

Accordingly, Braxton's application for a fee waiver (Doc. 2) is **DENIED**. If she wishes to proceed with this action, she must pay the filing fee by **March 6, 2026**. Braxton should take note, however, that even if she pays the filing fee, we may—on our own initiative—dismiss the complaint as frivolous without notice or an opportunity to be heard. *See Vega v. Kahle*, No. 23-12065, 2025 WL 3540349, *5 (11th Cir. Dec. 10, 2025). And, if appropriate, we could order her to show cause why she should not be sanctioned under Rule 11(c)(3).

A failure to fully comply with this order or timely seek relief from it may result in the dismissal of this action without prejudice and without further notice.

**ORDERED** on February 20, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge