UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LATIESHA BRAXTON,

Plaintiff,

v. Case No. 2:24-cv-234-KCD-NPM

NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,

Defendant.
_____________________________________/

**ORDER**

Plaintiff Latiesha Braxton executed a promissory note secured by a mortgage on her home. After the loan was assigned to Shellpoint Mortgage Servicing, Braxton defaulted, and the property was sold at a foreclosure sale. This lawsuit followed. Proceeding pro se, Braxton is now on her third complaint. (Doc. 34.) Only one claim remains: an alleged violation of the Real Estate Settlement Procedures Act ("RESPA"). Shellpoint moves to dismiss for failure to state a claim (Doc. 35), and Braxton responded (Doc. 37). For the reasons below, the motion is **GRANTED**.

Braxton alleges that she sent Shellpoint qualified written requests ("QWRs") and/or notices of error ("NOEs") regarding her mortgage account and that Shellpoint failed to respond. She claims those failures violated RESPA and caused actual and statutory damages. (Doc. 34.)

Shellpoint argues the complaint is long on conclusions and short on facts. Specifically, Shellpoint contends that Braxton does not plausibly allege the submission of a qualifying QWR, fails to establish that any request related to loan servicing, and does not sufficiently allege recoverable damages. (Doc. 35 at 6.)

RESPA imposes certain obligations on loan servicers to respond to borrower inquiries. 12 U.S.C. § 2605(e); *see* 12 C.F.R. § 1024.36(a); *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016). To state a claim, a plaintiff must plausibly allege: (1) the submission of a qualifying QWR or NOE; (2) the servicer's failure to comply with its statutory duties; and (3) damages caused by that failure. *Ranger v. Wells Fargo Bank N.A.*, 757 F. App'x 896, 901 (11th Cir. 2018). But a plaintiff cannot sustain a RESPA claim by merely alleging that a QWR was sent. Courts routinely dismiss claims that fail to describe the contents, timing, or subject matter of the alleged request, and this case is no exception. *See, e.g.*, *Brown v. Fed. Nat. Mortg. Ass'n*, No. 2:13-CV-02107-JTF, 2013 WL 4500569, at *5 (W.D. Tenn. Aug. 19, 2013); *Nwala v. Equifax Info. Servs. LLC*, No. 8:25-CV-2813-TPB-AAS, 2026 WL 1993300, at *3 (M.D. Fla. July 10, 2026) ("Plaintiff alleges in conclusory fashion that the [] letter is a QWR and provides a formulaic recitation of the elements of a QWR as previously described by the Court in the prior dismissal order.").

Braxton's complaint does just that. Its only substantive allegation regarding the alleged QWRs and NOEs is that they concerned the servicing of the loan, account balances, and Braxton's efforts to obtain information or corrections, with no indication when they were sent. (Doc. 34 ¶ 11.) Braxton herself acknowledges the complaint's shortcoming: "Plaintiff recognizes the Court may find the current allegations too indefinite on that issue." (Doc. 37 ¶ 8.) Indeed, she includes no concrete facts. Even when liberally construed, a pro se pleading must contain factual allegations, not labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At a minimum, Braxton must allege sufficient facts to permit an assessment of whether Shellpoint had a duty to respond under RESPA. That duty is not unlimited. *See* 12 C.F.R. § 1024.36(f). Yet the complaint provides virtually no information about the alleged QWR other than the assertion that Braxton sought "information or correction concerning the serviced account." (Doc. 34 ¶ 11.) Courts have repeatedly found similar allegations inadequate. *See, e.g.*, *Lucero v. Diversified Invs. Inc.*, No. 09CV1742 BTM BLM, 2010 WL 3463607, at *4 (S.D. Cal. Aug. 31, 2010); *Williams v. Am.'s Servicing Co.*, No. 2:09-CV-775-FTM, 2011 WL 1060652, at *3 (M.D. Fla. Mar. 22, 2011); *Correa v. BAC Home Loans Servicing LP*, No. 6:11-CV-1197-ORL-22, 2012 WL 1176701, at *7 (M.D. Fla. Apr. 9, 2012).

Nor does Braxton sufficiently plead damages. *See Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) ("[D]amages are an essential element in pleading a RESPA claim."). The complaint references "out-of-pocket expenses" but does not plausibly allege how those expenses resulted from Shellpoint's alleged RESPA violations. *Id.* (to obtain actual damages, plaintiffs must "establish a causal link between" between the alleged RESPA violation and their damages); *Munoz v. Citimortgage, Inc.*, No. 8:20-cv-2311-VMC-AEP, 2021 WL 510244, at *3-4 (M.D. Fla. Feb. 22, 2021). And with no actual damages, the statutory damages claim falls. "Under Eleventh Circuit authority, a plaintiff who has suffered no actual damages for the failure to respond to a QWR cannot seek statutory damages for the same violation." *Ross v. Nationstar Mortg., LLC*, No. 1:17-cv-2098-ODE-JKL, 2017 WL 6994579, at *4 (N.D. Ga. Sept. 27, 2017).

Finally, Braxton requests leave to amend. However, she has already been afforded an opportunity to cure the deficiencies identified by the Court and has failed to do so. (*See* Doc. 33.) Accordingly, further amendment would be futile, and dismissal with prejudice is warranted. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("[A] pro se litigant generally must be given at least one opportunity to amend his complaint").

For these reasons, Shellpoint's Motion to Dismiss (Doc. 35) is **GRANTED**, and the complaint is dismissed with prejudice. The Clerk is

**DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on November 16, 2026.

Kyle C. Dudek
United States District Judge